**ROSANA KIT WAI CHEUNG (SBN 219772)**
**LAW OFFICES OF ROSANA KIT WAI CHEUNG**
**617 S. OLIVE ST., STE. 710**
**LOS ANGELES, CA 90014**
**TEL:213-891-1314**
**FAX: 213-891-1318**
**EMAIL: ROSANACHEUNG@LAWYER.COM**

**ATTORNEY FOR PLAINTIFF**

Lin Li

vs.

Merrick Garland, Attorney General;
The Department of Homeland Security;
Alexandro Mayorkas, Secretary of the Department of Homeland Security;
Ur M. Jaddou, Director, United States Citizenship and Immigration Services;
David Radel, Director, USCIS Los Angeles Asylum Office,

Respondents-Defendants.

Civil Action No. __________

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

1. This is a civil action brought by Plaintiff Lin Li to compel Defendant officers of the United States to schedule Plaintiff's asylum interview. Plaintiff respectfully petitions this Court for mandamus relief to: (a) compel the government to locate the file; (b) compel USCIS to schedule an asylum interview for plaintiff; (c) compel the USCIS to timely adjudicate Plaintiff's asylum application; (d)

2. Adjudication of the petition is a non-discretionary ministerial duty owed to Plaintiffs. See *Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993). Plaintiffs have no other adequate remedy to obtain that right other than by way of this complaint.

## PARTIES

1. Plaintiff Lin Li is a native and citizen of China. Plaintiff has filed an affirmative asylum application with USCIS.
2. Merrick Garland is the Attorney General of the United States and the most senior official in the U.S. Department of Justice. He has the authority to interpret immigration law and adjudicate removal cases. The Attorney General delegates this responsibility to the immigration courts and the Board of Immigration Appeals ("BIA"), which are administered by the Executive Office for Immigration Review ("EOIR"). He is sued in his official capacity.
3. Defendant Alejandro Mayorkas ("MAYORKAS"), Secretary of the Department of Homeland Security, is the highest-ranking official within DHS. MAYORKAS, by and through his agency for DHS, is responsible for implementation of the Immigration and Nationality Acts ("INA") and for ensuring compliance with applicable federal laws, including the Administrative Procedures Act ("APA"). Defendant MAYORKAS is sued in his official capacity as an agent of the government of the United States.
4. Defendant Ur M. Jaddou ("JADDOU"), Director of the United States Citizenship and Immigration Services, is the highest ranking official within USCIS. JADDOU, by and through her agency for USCIS, is responsible for

the processing, scheduling of interviews with immigration officers, review, approval and denial of immigrant visa applications. Defendant JADDOU is sued in her official capacity as an agent of the government of the United States.

5. Defendant David Radel ("RADEL"), is the Director of the USCIS Los Angeles Asylum Office. RADEL is responsible for all aspects of the operation of that office and is sued in his official capacity by and through his agency for USCIS as an agent of the government of the United States.

## STATEMENT OF FACTS

6. Plaintiff Lin Li is a native and citizen of China. She entered the United States with a B-2 visa on or about November 27, 2015.

7. Plaintiff Lin Li filed an asylum application affirmatively on January 4, 2016. Her receipt number is ZLA1600001240 and this receipt was issued on January 5, 2016.

8. As of the date of the filing of this complaint, no interview has been scheduled for Plaintiff. Plaintiff has waited nearly nine years for an asylum interview.

9. Eight years have passed, and the Defendants adequately apprise Plaintiff of the status of her application, failed to give updates as to the scheduling of her asylum interview, and have overall failed to execute a ministerial duty owed to Plaintiff.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq., in conjunction with the Mandamus Act, 27 U.S.C. § 1361. The government has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

11. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action; and (3) Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF

**(Agency Action Unlawfully Withheld and Unreasonably Delayed, Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1))**

For their first claim for relief against all Defendants, Plaintiff alleges and states the following:

12. Plaintiff realleges and incorporate by reference the foregoing paragraphs as though fully set out herein.

13. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5. U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton*

*Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

14. Defendants have a nondiscretionary duty to adjudicate Plaintiff's asylum application within a reasonable time. See 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a).

15. The APA permits this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

16. USCIS Los Angeles Asylum Office claims that Plaintiff's application is "still pending."

17. Currently, as referenced in the USCIS email sent to Plaintiff's counsel, USCIS has implemented a policy colloquially known as "LIFO" ("last in, first out") which prioritizes applications filed sooner and subjects cases filed earlier in time to lengthy delays in processing. As USCIS is routinely unable to provide estimated processing times, and therefore interview dates, these delays may be accurately characterized as "indefinite."

18. Upon information and belief, the unreasonable delay in Plaintiff's application is a result of the LIFO policy, which in and of itself is violative of the APA, as it subjects Plaintiff who has timely exercised his right to apply for asylum only to be pushed to the "back of the line."

19. Defendants have a nondiscretionary duty to adjudicate Plaintiff's asylum application within a reasonable time. See 8 U.S.C. § 1157(c)(2); 8 C.F.R. § 207.7(a).

20. Defendants failed to comply with this obligation by utilizing the LIFO policy and thus failing to adjudicate her asylum application.

21. Considering relevant factors such as Congress' intent that asylum applications be adjudicated within 180 days, the scope and extent of the interests harmed by Defendants' delay, including the health and welfare of Plaintiff and his family, and the lack of evidence that expediting the agency's action would harm competing priorities, Defendants' delay is unreasonable in this case. See *Telecommunications Research & Action Center v. Fed. Communications Comm.*, 750 F.2d 70, 80 (D.C. Cir. 1984).

22. Defendants' failure to timely schedule an asylum interview and adjudicate Plaintiff's asylum application constitute an agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

23. Plaintiff is entitled to relief under the APA in the nature of an order compelling Defendants to timely adjudicate Plaintiff's asylum application, which naturally includes scheduling of her asylum interview.

## SECOND CLAIM FOR RELIEF

**(Violation of the Mandamus Act, 28 U.S.C. § 1361)**

24. Plaintiff re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

25. Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendants have a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. See 28 U.S.C. § 1361.

26. Plaintiff falls within the zone of interests protected by the INA. It is well-established that the INA provides asylum-seekers with the right to apply

for asylum. See *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 553 (9th Cir.1990) (citing, inter alia, 8 U.S.C. § 1158(a)). See *Tailawal*, 2022 WL 4493725, at *3 ("The language of Section 1158(d)(5)(A)(ii) is mandatory."); *Hui Dong v. Cuccinelli*, No. CV 20-10030, 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) ("[U]se of the word 'shall' with respect to adjudication of an asylum application and the time frame for conducting an interview for an asylum application in the statute and regulations demonstrates that the adjudication of asylum applications is not a discretionary act."); see also *Ou v. Johnson*, No. 15-cv-03936, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016) (finding that "processing Ou's asylum application was a 'discrete agency action that [USCIS was] required to take'" but that the 11-month delay was not unreasonable) (quoting SUWA, 542 U.S. at 64).

27. Defendants have a nondiscretionary duty to adjudicate Plaintiff's asylum application. Federal agencies, including Defendant USCIS, are required to conclude matters presented to them within a "reasonable time." 5 U.S.C. § 555(b).

28. Considering relevant factors such as Congress' intent that asylum applications be adjudicated within 180 days, the scope and extent of the interests harmed by Defendants' delay, including the health and welfare of Plaintiff and his family, and the lack of evidence that expediting the agency's action would harm competing priorities, Defendants' delay is unreasonable in this case.

29. There are no other adequate remedies available to Plaintiff to obtain adjudication of his asylum application.

30. Plaintiff is entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to timely adjudicate Plaintiff's asylum application.

## THIRD CLAIM FOR RELIEF

**(Violation or Right to Due Process of Law)**

For their third claim for relief against all Defendants, Plaintiff alleges and states the following:

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.
32. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' cumulative failure to provide a reasonable and just framework of adjudication in accordance with applicable law.
33. The combined delay and failure to act by Defendants is a violation of Plaintiff's due process rights.
34. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff and continues to do so. Plaintiff's fear to return to China cannot be overstated. She eagerly and desperately awaits adjudication of her asylum application as she fears returning to a place that is not only alien to her but extremely dangerous. She has a life in the United States, and it has been put on hold, held in the balance by a government which refuses to perform its duty to Plaintiff.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lin Li requests the following relief:

1. That this Court assume jurisdiction over this action;
2. Enter a judgment declaring that (a) LIFO violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United State Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting LIFO without promulgating a rule and following the process for notice and comment by the public;
3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying LIFO to the processing and adjudication of Plaintiff's immigration benefit application;
4. Order Defendants to rescind LIFO because they failed to follow the process for notice and comment by the public;
5. That this Court issue a writ of mandamus compelling Defendants to promptly complete adjudication, including but not limited to the scheduling of Plaintiff's asylum interview, within sixty days;
6. That this Court take jurisdiction of this matter and adjudicate Plaintiff's asylum application pursuant to this Court's declaratory judgment authority;
7. That this Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the asylum application;
8. Award Plaintiff attorney's fees and costs under the Equal Access to Justice Act, see 28 U.S.C. § 2412(d), and on any other basis justified under law; and,
9. Grant any further relief that this Court deems just and proper.

Respectfully Submitted,

/s/ Rosana Kit Wai Cheung

ROSANA KIT WAI CHEUNG (CSBN: 219772)
LAW OFFICES OF ROSANA KIT WAI CHEUNG
617 S. OLIVE ST., SUITE 710
LOS ANGELES, CA 90014
TEL: (213) 891-1314
FAX: (213) 891-1318
EMAIL: ROSANACHEUNG@LAWYER.COM

*COUNSEL FOR PLAINTIFF*

DATED: 11/26/2024